# IN THE UNITED STATES COURT
## FOR THE DISTRICT OF COLUMBIA

ELRIDGE J. SIMIEN          )
1309 S. Taylor St., Apt. 2      )
Arlington, VA 22204        )
                                 )
       *Plaintiff,*        )
                                 )
    v.                    )
                                 )
JOHN M. McHUGH         )
Secretary of the Army      )
1400 Defense Pentagon     )
Washington, D.C. 20301    )
                                 )
       *Defendant.*     )

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

**(APA Review of the Army Board for Correction of Military Records)**

### JURISDICTION AND VENUE

1.     This action seeks review of a decision of the Army Board for Correction of

Military Records (ABCMR), dated May 22, 2012, denying Plaintiff's application for relief.  The

ABCMR's decision is a final agency decision under the Administrative Procedure Act (APA), 5

U.S.C. § 701 *et seq.  See also* 32 C.F.R. § 581.3(g)(2)(i)(A) ("[A]n ABCMR decision is final

when it denies any application.")

2.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331.  Plaintiff raises claims under federal statutes and Army regulations.

3.     The Acts of Congress upon which federal question jurisdiction rests are 10 U.S.C.

§ 1552, *et seq.*, which provides for a service member to apply to the ABCMR to correct errors

and injustices, and the APA, 5 U.S.C. § 701 *et seq.*, which enables a federal court to review and

reverse a decision of a Board for Correction of Military Records that is arbitrary, capricious, unsupported by evidence or otherwise contrary to law.  5 U.S.C. § 706.

4.      This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

5.      Venue lies pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1402(a)(2).

## PARTIES

6.      Plaintiff, Elridge J. Simien, is a United States citizen and former active duty United States Army Staff Sergeant who now resides in Arlington, Virginia.

7.      Defendant, the Honorable John McHugh, is the Secretary of the Army and is the named Defendant in his official capacity as the head of the Department of the Army, pursuant to 10 U.S.C. § 3013.  Because he is the officer with final authority for correction of records within the Department of the Army, he is the proper defendant for a cause of action under the APA.

## STATUTE OF LIMITATIONS AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      On August 30, 2011, Plaintiff submitted a reconsideration application to the ABCMR, asserting several discrete arguments and requesting various forms of relief.

9.      On May 22, 2012, the ABCMR issued a final decision denying Plaintiff's application.

10.      Plaintiff has exhausted all administrative remedies available to him.

11.      Pursuant to 28 U.S.C. § 2401(a), this type of claim must be filed within six years after the claim first accrues.

12.      Plaintiff's claims accrued on May 22, 2012, the date when the ABCMR issued a final decision denying Plaintiff's application.

13.      As this complaint is filed within six years of the date of the ABCMR decision,

this action is timely.  *Lebrun v. England*, 212 F. Supp. 2d 5, 11 (D.D.C. 2002) ("[T]he right to

obtain judicial review of a Board of Corrections' decision under the APA . . . accrues at the time

of the final agency decision . . . rather than at the time when the underlying discharge . . .

occurred.")

## FACTS

14.     Plaintiff entered active duty on September 13, 1998, and had continuous service

with a normal career progression through his promotion to Staff Sergeant on May 1, 2000.

15.     Plaintiff's original military occupational specialty (MOS) was a Military

Personnel Specialist (42A).

16.     Plaintiff served in a number of related positions during his career; including,

Administrative Specialist and Human Resources Non-Commissioned Officer (NCO).

17.     Plaintiff finished his career by serving as Human Resources NCO for the Office

of the Army Chief Information Officer at the Pentagon until he retired October 1, 2009.

18.     In late June, or early July 2002, Plaintiff's wife contacted the Plaintiff's command

and claimed that he was abusing her, but it was the Plaintiff who was being abused.

19.     From July 3-5 2002, Plaintiff was hospitalized for depression, placed on

medication and referred for follow up outpatient care. Plaintiff reported that the medication was

causing significant side effects, including suicidal tendencies.

20.     On August1, 2002, Plaintiff was found in bed in a lethargic state. He was

admitted for inpatient psychiatric care where he remained until he was released from the hospital

on August 21, 2002.

21.     Plaintiff was serving in the Sensitive Compartmented Information Facility at the

time of the hospitalization. During his stay in the hospital, Plaintiff's security clearance was

revoked. The revocation resulted in the Plaintiff being reassigned into the duty position of

barracks NCO for the administrative holding company.

22.     On October 1, 2002, Plaintiff was evaluated by the Medical Evaluation Board

(MEB) which resulted in the same diagnosis of severe, single episode, major depressive disorder

and a referral to the PEB.

23.     On October 10, 2002, Plaintiff received a permanent profile that included a

limitation of no access to weapons or classified documents. Further, the restrictions required a

change in MOS. This profile remained in effect until March 24, 2003.

24.     Due to a difference of medical opinion, the case was referred to the Physical

Evaluation Determination Liaison Office. On March 31, 2003, the Liaison Office determined

that referral to the PEB was not warranted and all previous restrictions were removed.

25.     In early 2004, Plaintiff was reassigned to duties as the Company Administrative

NCO.

26.      After Plaintiff had previously been denied under criteria of Fiscal Year 2005, the

Army Standby Advisory Board Decision (STAB) dated March 14, 2008, did not approve adding

Plaintiff for recommended promotion under the criteria of Fiscal Year 2006.

27.     The STAB is an advisory board and can only recommend individuals for

promotion; it is not a promotion or selection board.

28.     The Plaintiff's Interactive Personnel Electronic Records Management (IPERMS)

was not properly updated when he went in front of the STAB to be evaluated for promotion for

the 2005 or 2006 fiscal year.

29.     Plaintiff's record contained a significant gap in service - it was missing Non-

Commissioned Officer Evaluation Reports (NCOERs) covering twenty-one of the twenty-four

months from the period covering July 2002 through June 2004. The twenty-one non-rated

months were due to the fact that Plaintiff's original two raters for that period were precluded

from rating Plaintiff because they were under charges and ultimately reduced in rank, and the

rating was given by a newly assigned company first sergeant who had only observed Plaintiff for

three months.

30.    Both officer and enlisted leadership failed to follow Army Regulations for NCO

evaluation reports, and thus, did not properly document the Plaintiff's performance.

31.    In early 2008, Plaintiff submitted an application to the Army Board for Correction

of Military Records (ABCMR) requesting correction to errors in his records that resulted

repeated promotion denials.

32.    Plaintiff requested that he be promoted, issued back pay consistent with date of

rank, have the improperly updated NCOER removed from his file and that the ABCMR direct

that no negative assumptions be made based on the absence of NOCERs for that period.

33.    On November 20, 2008, the ABCMR determined that the evidence presented

warranted a recommendation for partial relief.  One of the Board's chief findings was that the

NCOER covering the period from July 2002 through June 2004 was "clearly improper" because

it covered a total period of 24 months and was not completed in a timely manner.

34.    The Board recommended that a a non-prejudicial note be placed in his records

explaining the twenty-one month, unrated period from the July 2002 through June 2004.

35.    The ABCMR did not recommend Plaintiff's promotion as he had requested.  The

Board concluded that he was not currently eligible for promotion.  However, the Board

recommended that Plaintiff 's personnel file be reviewed, corrected and/or updated to include

specifically the issues of his security clearance, HIV testing, and medical examination status.

36.     The Board continued to state his record should be corrected by "upon completion of the above actions, referring his case to an SFC STAB under the criteria of FY05, FY06, and FY07." The "above actions" the Board was referencing included placing the non-prejudicial explanation in his file and the review, correction, and/or updates to his file.

37.     Following the ABCMR's decision, the STAB once again considered Plaintiff for recommendation and declined to recommend him for promotion. However, none of the ABCMR's prior records-corrections directives had been properly implemented and the STAB once again considered erroneous or incomplete records.

38.     On October 14, 2009, Rick Schweigert, of Chief Congressional and Special Actions submitted an application for reconsideration to the ABCMR on behalf of the Plaintiff. The application requested the same relief as the first ABCMR application; promotion to Sergeant First Class with a date of rank comparable to his peers and for removal of the NCOER's for the period covering July 2002 through June 2004.

39.     The claim was based on the fact that the STAB revaluated Plaintiff for promotion with the same record errors as it had prior to the first application sent to the ABCMR.

40.     On July 12, 2010, the ABCMR returned the request for reconsideration without prejudice, explaining its earlier records-correction had not been fully implemented by the Army Human Resources Command. Specifically, the Board stated that although a non-judicial statement covering the twenty-one-month gap in his rating period was placed in his records, "his records containing the non-judicial statement had not been placed before a SFC STAB as directed by the ABCMR in its initial decision."

41.     The ABCMR stated that "given the ABCMR's previous directive has not been fully implemented, it would be inappropriate to consider your reconsideration request at this

time.  As a result, your reconsideration request is returned to you without prejudice and without

action being taken by the Board. However, if after you received the results from the STAB you

still feel an error or injustice exists, you should resubmit an application to the ABCMR."

42.      On January 22, 2011, the STAB once again denied his promotion based on the

record that was still not corrected in accordance with the ABCMR's directive.

43.      Following the instructions of the ABCMR to resubmit matters if he felt the STAB

still committed an error or injustice, Plaintiff once again applied for reconsideration on October

19, 2011 in accordance with the ABCMR's prior direction.

44.      On May 22, 2012, the ABCMR denied the reconsideration, stating that more than

a year had passed so the reconsideration was not timely.

## STATUTORY AND REGULATORY FRAMEWORK

45.      10 U.S.C. § 1552 provides for the correction of errors or removal of injustices in

the records of a current or former member of the military.  Upon timely application and

consideration, the statute provides:

> The Secretary of a military department may correct any military record . . . when
> the Secretary considers it necessary to correct an error or remove an injustice.
> Except as provided in paragraph (2), such corrections shall be made by the
> Secretary acting through boards of civilians of the executive part of the military
> department.

10 U.S.C. § 1552(a)(1).

46.      The ABCMR consists of Department of the Army civilians who are appointed by

the Secretary of the Army.  Three members constitute a quorum.  32 C.F.R. § 581.3(c)(1).  The

ABCMR is charged with the responsibility of reviewing all matters that are properly before it to

determine the existence of error or injustice.  32 C.F.R. § 581.3(c)(2)(i).

47.      The Board has significant power to grant relief and may, for instance, order

reinstatement and back pay. *See, e.g., Chappell v. Wallace*, 462 U.S. 296, 303 (1983) (Board is

empowered under 10 U.S.C. § 1552 to order retroactive pay and promotion); 10 U.S.C. § 1552

(the Secretary of the Army, acting through a Board of Corrections, is empowered to pay claims

for lost pay, allowances, and other compensation as the result of a record correction.)

48.     Review of agency actions, such as those of the ABCMR, are reviewable under the

APA, 5 U.S.C. § 706. The statute provides, in pertinent part:

> [t]he reviewing court shall . . . hold unlawful and set aside agency
> action, findings, and conclusions found to be . . . (A) arbitrary,
> capricious, an abuse of discretion, or otherwise not in accordance
> with law; . . . [or] (C) in excess of statutory jurisdiction, authority,
> or limitations, or short of statutory right.

7 U.S.C. § 706(2)(A),(C).

## LEGAL CLAIMS

### Count I

**The ABCMR's decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and contrary to law.**

49.     The allegations of the preceding paragraphs are incorporated by reference as if

fully set forth herein.

50.     The ABCMR's decision was arbitrary, capricious, an abuse of discretion,

unsupported by substantial evidence, and contrary to law because the Board failed to

reconsider the application for correction of military records in a letter dated May 22, 2012,

due to a lack of timeliness, even though the Plaintiff had originally filed in a timely manner

and did exactly as instructed by the board.

51.     The Plaintiff had previously submitted an application for reconsideration in a

timely manner and the BCMR dismissed it without prejudice because the Plaintiff 's record

had not been completely corrected, contrary to their previous directive. The Board instructed

the Plaintiff that he should go back in front of the STAB, with the hope that their directives would be fully implemented at that time. Furthermore, they instructed, should their orders not be followed as appropriate by law, the Plaintiff should resubmit. The directive was still not followed when the Plaintiff went in front of the STAB January 2011. Following the instructions of the BCMR, the Plaintiff resubmitted in October 2011 yet it was denied due to lack of timeliness.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A) Hold unlawful and set aside the ABCMR's May 2012 decision;

B) Enter judgment in favor of Plaintiff on all counts;

C) Remand the case back to the ABCMR for further action consistent with the Court's findings, decision, and order;

D) Award Plaintiff attorneys' fees in accordance with the Equal Access to Justice Act (5 U.S.C. § 504; 28 U.S.C. § 2412); and

E) Award such other relief as the court deems appropriate.

Dated: October 16, 2013

Respectfully submitted,

__/s/ David P. Sheldon_____
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
512 8th Street, S.E.
Washington, D.C.  20003
Tel: 202.546.9575
Fax: 202.546.0135

Attorney for Plaintiff